# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# DOCKET NO. 1:14-CV-00011-FDW

| | |
|---|---|
| LARRY COOK, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of Social Security )<br>Administration, )<br>)<br>    Defendant. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff Larry Cook's Motion for Judgment on the Pleadings (Doc. No. 8), filed on May 29, 2014, and Defendant Acting Commissioner of Social Security Carolyn W. Colvin's ("Commissioner's") Motion for Summary Judgment (Doc. No. 10), filed on July 28, 2014. Plaintiff seeks judicial review of an unfavorable administrative decision on his application for disability benefits.

Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is DENIED, Defendant's Motion for Summary Judgment is GRANTED, and the Commissioner's decision is AFFIRMED.

## I. FACTUAL BACKGROUND

Plaintiff filed a Title II application for disability insurance benefits February 9, 2011, alleging a disability onset date of April 1, 2006. (Tr. 142-44). The claim was initially denied on July 4, 2011, (Tr. 90), and again upon reconsideration on August 15, 2011. (Tr. 102). Subsequently, on September 8, 2011, Plaintiff filed a written request for an administrative

hearing (Tr. 109), and Administrative Law Judge Michael J. Davenport ("ALJ") held a hearing on August 10, 2012. (Tr. 14). On August 28, 2012, the ALJ issued a decision finding that Plaintiff was not disabled. (Tr. 11). Plaintiff timely requested review by the Appeals Council. (Tr. 1). By notice dated November 20, 2013, the Appeals Council denied Plaintiff's request for further administrative review. (Tr. 1). Thus, the ALJ's decision of August 28, 2012, became the final decision of the Commissioner.

Plaintiff timely filed this action on January 16, 2014, (Doc. No. 1), and the parties' Motions for Summary Judgment and Judgment on the Pleadings[1] are now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

Judicial review of a final decision of the Commissioner in social security cases is authorized pursuant to 42 U.S.C. § 405(g), and is limited to consideration of (1) whether substantial evidence supports the Commissioner's decision and (2) whether the Commissioner applied the correct legal standard. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 390 (1971); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987)). District courts do not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1972). A reviewing court must uphold the decision of the Commissioner, even in instances where the reviewing court would have come to a different conclusion, so long as the Commissioner's decision is supported by substantial evidence. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to

---

[1] Although Plaintiff filed a Motion for Judgment on the Pleadings (Doc. No. 8), the Court converts the Motion to a Summary Judgment Motion pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. R. 12(c) ("If matters outside of the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . . .")

2

support a conclusion." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Richardson, 402 U.S. at 401). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966), overruled by implication on other grounds by Black & Decker Disability Plan v. Nord, 538 U.S. 822 (2003)); see also Parker v. Kraft Foods Global, Inc., No. 3:07-cv-87, 2010 WL 1929555, at *5 (W.D.N.C. May 12, 2010). In reviewing for substantial evidence, a court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. Barnes ex rel. T.J. v. Colvin, No. 4:12-cv-254, 2014 WL 126039, at *1 (E.D.N.C. Jan. 13, 2014) (citing Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996), superseded by regulation on other grounds, 20 C.F.R. § 416.927). The ALJ, and not the Court, has the ultimate responsibility for weighing the evidence and resolving an conflicts. Hays, 907 F.2d at 1456.

### III. ANALYSIS

The question before the ALJ was whether Plaintiff was "disabled" under the Social Security Act between November 5, 2010, and the date of the ALJ's decision.[2] Plaintiff has the burden of proving he was disabled within the meaning of the Social Security Act in order to be entitled to benefits. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

On August 28, 2012, the ALJ found that Plaintiff was not "disabled" at any time between November 5, 2010, and the date of his decision. (Tr. 14-21). Under the Social Security Act, there is a five-step sequential process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a)(1). Those five steps are: (1) whether the claimant is engaged in substantial gainful

---

[2] "Disability" is defined under the Social Security Act, 42 U.S.C. § 301, et. seq., as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

3

activity; (2) whether the claimant has a severe medically determinable impairment or a combination of impairments that is severe; (3) whether the claimant's impairment or combination of impairments meets or medically equals one of The Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant has the residual functional capacity ("RFC") to perform the requirements of his past relevant work; and (5) whether the claimant is able to do any other work, considering his RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(i-v).

In this case, the ALJ determined that Plaintiff was not disabled under the fifth step of the evaluation process. (Tr. 20). The ALJ concluded that "considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." (Tr. 20).

On appeal, Plaintiff presents one sole assignment of error: that the ALJ failed to specifically discuss Plaintiff's allegation that he needed to raise his legs several times per day. (Doc. No. 9). Plaintiff contends the allegation is "entirely ignored in [the ALJ's] decision" and, therefore, the ALJ's finding that Plaintiff was not "disabled" is not supported by substantial evidence. (Doc. No. 9). However, a review of the record establishes that the ALJ did consider Plaintiff's statements concerning the intensity, persistence, and limiting effects of his alleged symptoms.

The determination of whether a person is disabled by non-exertional pain or other symptoms is a two-step process. "First, there must be objective medical evidence showing the existence of a medical impairment which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to product the pain or other symptoms alleged." Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996) (citing 20 C.F.R. §

416.929(b)). Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms of back pain, left knee pain, and recurrent arrhythmias. (Tr. 16). Thus, step one is satisfied, and the Court turns to step two.

The second step requires the ALJ to evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects [his] ability to work." Id. at 595 (citing 20 C.F.R. § 416.929(c)(1)). In doing so, the evaluation must take into account Plaintiff's statements about his or her pain, as well as "all the available evidence, such as [Plaintiff's] medical history . . . any objective evidence . . . specific descriptions of pain, and any medical treatment taken to alleviate it." Craig, 76 F.3d at 595. In making the evaluation, the ALJ is not required to discuss each factor enumerated, however, the decision must contain "specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p, 1996 WL 374186, at *4 (July 2, 1996).

The ALJ determined that Plaintiff's statements concerning intensity, persistence, and limiting effects were not credible because they were inconsistent with the RFC.[3] (Tr. 19). This inconsistency, coupled with the medical evidence, led the ALJ to believe that Plaintiff's "statements and admissions related to on-going activities did not support [his] self-limiting allegations." (Tr. 19).

Plaintiff contends the ALJ erred by failing to specifically mention Plaintiff's subjective complaint regarding the need to raise his leg every thirty (30) minutes because the vocational expert present at the hearing testified that if Plaintiff's need to elevate his leg was true, that

---

[3] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a).

5

limitation would render Plaintiff unable to perform the jobs the ALJ cited in his decision. (Doc. No. 9). However, Plaintiff's complaints of pain were not substantiated by the medical evidence, or any medical evidence. Whenever statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the statements based on a consideration of the entire case record. See Craig, 76 F.2d at 595 (holding it is the duty of the ALJ to make credibility decisions).

According to the record, composed of both treating and non-treating physician testimony, the Plaintiff never required aggressive treatment for pain and was never diagnosed as totally disabled due to pain. (Tr. 19); Mickles v. Shalala, 29 F.3d 918, 930 (4th Cir. 1994) (holding an ALJ may find a claimant lacked credibility when the alleged level of pain is not commensurate with the treatment sought or received). The ALJ points out that Plaintiff never participated in physical therapy even after being urged to do so by his treating physician and, in April 2012, walked four to five times a week for several miles without issue. (Tr. 18-19); Hunter v. Sullivan, 993 F.2d 31, 36 (4th Cir. 1992) (holding that the fact that plaintiff used a limited amount of medication or failed to sustain consistent treatment can constitute specific evidence to support a negative credibility finding).

The ALJ further supported his rationalization of Plaintiff's statements with evidence that Plaintiff can still "sit, stand, walk and move about in a satisfactory manner . . . has good use of his upper and lower extremities . . . is very active and likes to do a lot of outdoor sporting things including driving four-wheelers." (Tr. 19). Plaintiff may argue that the ALJ erred by failing to specifically address the subjective allegation however, "there is no rigid requirement that the

ALJ specifically refer to every piece of evidence in his decision." Reid v. Comm'r of Soc. Sec., 2014 WL 2958800 (4th Cir. July 2, 2104) (slip. op.).

## IV. CONCLUSION

After carefully reviewing the record, the Court holds that the ALJ's decision properly addressed Plaintiff's complaints. The final decision of the Commissioner conforms to the applicable law and is supported by substantial evidence. THEREFORE, IT IS HEREBY ORDERED that the Commissioner's decision is AFFIRMED. Plaintiff's Motion for Judgment on the Pleadings (Doc. No. 8), is DENIED, and Defendant's Motion for Summary Judgment (Doc. No. 10), is GRANTED.

IT IS SO ORDERED.

Signed: September 3, 2014

Frank D. Whitney
Chief United States District Judge